# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL FRED NEWMAN,<br><br>               Plaintiff,<br>   v.<br>OFFICER WILLIE,<br><br>               Defendant. | Case No. 3:25-cv-00107-SLG |

## SCREENING ORDER

On June 2, 2025, self-represented prisoner Michael Fred Newman ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[1] On July 8, 2025, Plaintiff filed three motions.[2] Liberally construed, Plaintiff appears to allege that he was wrongfully arrested at the Mountain View car wash on March 17, 2025.[3] For relief, Plaintiff seeks $250.[4] The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

---

[1] Docket 1-2.

[2] Dockets 4-6.

[3] Docket 1 at 5-6.

[4] Docket 1 at 6.

Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 2 of 12
Case 3:25-cv-00107-SLG   Document 7   Filed 09/25/25   Page 2 of 12

the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[13] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[14] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 3 of 12
Case 3:25-cv-00107-SLG     Document 7     Filed 09/25/25     Page 3 of 12

accusation[s]" are insufficient to state a claim.[15] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[16]

### II. Plaintiff's Complaint fails to state sufficient facts to state a plausible claim upon which relief could be granted

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[17] of the Courtview records of the Alaska Trial Courts.[18] A search of the publicly available state court records produced no results for the state court case number provided by Plaintiff, 3AN-25-01610CR.[19] However, the state court records do show that on March 17, 2025, Plaintiff was cited for illegally walking on the roadway in violation of Anchorage Municipal Code § 9.20.080.[20] The state court

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[17] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[18] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[19] Docket 1 at 1. Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm. *But see* Alaska Statute § 22.35.030 (providing for the removal of criminal cases on a publicly available website when a defendant has been acquitted of all charges filed in the case).

[20] *Municipality of Anchorage vs. Newman, Michael,* Case No. 3AN-25-04837MO (Date

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 4 of 12
Case 3:25-cv-00107-SLG    Document 7    Filed 09/25/25    Page 4 of 12

entered a default judgment against Plaintiff in that case on May 21, 2025, after Plaintiff failed to respond to the Warning Notice sent to Plaintiff by local law enforcement.[21]

Although Plaintiff claims he was wrongfully arrested, it is unclear what happened on March 17, 2025. Plaintiff claims he was given the wrong charge,[22] and suggests there may have been a misunderstanding involving his legal adult name and his birth certificate.[23] It is also unclear why Plaintiff is currently in the custody of the Department of Corrections (DOC), or why he would be incarcerated for a minor offense citation that is punishable by fine.

As pleaded, Plaintiff has not provided sufficient facts presented in a clear or organized manner to allow the Court to understand the nature of his claims. Although the Court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to construct claims on a litigant's behalf.[24] It is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from searching Alaska

---

of Offense: 03/17/2025; Minor Offense Citation: 05/21/2025)

[21] *Id.,* Docket 5/21/2025 (Request and Affidavit for Default Judgment; Warning Notice sent to Defendant by Local Law Enforcement); Disposition (5/21/2025: Default Judgment).

[22] Docket 1 at 8 (claiming "tent[a]tive wronging of the charge given").

[23] *See, e.g.,* Docket 1 at 4 (claiming he was being subdued by officer who "neglected adult name"); Docket 1 at 6 (writing "false documents" and "birth certificate documentation is corrected by mine").

[24] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 5 of 12
Case 3:25-cv-00107-SLG   Document 7   Filed 09/25/25   Page 5 of 12

state court dockets, the Court does not conduct independent research when screening a complaint.

To the extent Plaintiff seeks to invalidate the default judgment of conviction for the minor offense, a federal court does not have the authority to review or set aside a default judgment entered in state court.[25] Instead, Plaintiff must seek such relief in the state courts.[26] To the extent Plaintiff seeks to challenge a wrongful arrest related to another criminal case, "a plaintiff cannot recover damages for actions that would necessarily imply the invalidity of his conviction . . unless the plaintiff can demonstrate that the conviction . . . has already been invalidated."[27] Because the Complaint lacks sufficient information to state a plausible claim for relief, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

### III. Plaintiff's motions

At Docket 4, Plaintiff filed a motion for video footage of his arrest. At Docket

---

[25] *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman,* 460 U.S. 462 (1983).

[26] A litigant can appeal a final order or judgment related to a civil minor offense or file a motion to vacate a default judgment in the Alaska Superior Court. *See* Traffic Cases (Minor Offenses), Alaska Court System, FAQs, https://courts.alaska.gov/shc/mo/index.htm#minor.

[27] *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 6 of 12
Case 3:25-cv-00107-SLG    Document 7    Filed 09/25/25    Page 6 of 12

5, Plaintiff filed a motion to appear telephonically at any scheduled hearings. At Docket 6, Plaintiff filed a motion to accept a document in support of his case.

A plaintiff need not file exhibits or evidence to prove his case at the initial pleading stage of the case. The Court need not determine whether a plaintiff will ultimately prevail at this stage; rather, the Court determines only whether the plaintiff should be afforded an opportunity to proceed to the next stage of litigation and subsequently offer evidence to support his claims. Plaintiff may attach relevant documents to an amended complaint. However, Plaintiff must include all relevant information in the body of an amended complaint itself and include specific citations in the complaint to any attachments filed in support of his claims.

Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions. For these reasons, Plaintiff's motions at Dockets 4 and 6 are DENIED as premature. Similarly, there are no hearings currently scheduled in this case, so Plaintiff's motion at Docket 5 is also DENIED without prejudice to refiling as necessary for a specific hearing if scheduled in the future.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[28] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a

---

[28] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 7 of 12
Case 3:25-cv-00107-SLG   Document 7   Filed 09/25/25   Page 7 of 12

plausible claim for relief.[29] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[30] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should

---

[29] Fed. Rule Civ. Proc. 8(a)(2).

[30] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 8 of 12
Case 3:25-cv-00107-SLG   Document 7   Filed 09/25/25   Page 8 of 12

any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[31] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[32] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[33] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[34] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[35] In

---

[31] 28 U.S.C.A. § 1915(g).

[32] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[33] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[34] *Andrews,* 493 F.3d at 1056 (cleaned up).

[35] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 9 of 12
Case 3:25-cv-00107-SLG     Document 7     Filed 09/25/25     Page 9 of 12

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[36]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim. A Notice of Voluntary Dismissal does not count as a strike.[37]

---

[36] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[37] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 10 of 12
Case 3:25-cv-00107-SLG    Document 7    Filed 09/25/25    Page 10 of 12

4. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 2 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[38] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[39] Failure to comply may result in dismissal of this action.

7. Plaintiff's motions at **Dockets 4-6 are each DENIED.**

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[40] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[38] 28 U.S.C. § 1915(b)(1)&(2).

[39] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[40] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 11 of 12
Case 3:25-cv-00107-SLG    Document 7    Filed 09/25/25    Page 11 of 12

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[41] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 25th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

"attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[41] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00107-SLG, *Newman v. Willie*
Screening Order
Page 12 of 12
Case 3:25-cv-00107-SLG    Document 7    Filed 09/25/25    Page 12 of 12